**NATALIE K. WIGHT, OSB #035576**
United States Attorney
**JOSHUA KELLER, NYSB #4297396**
Assistant United States Attorney
United States Attorney's Office for the District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Email: Joshua.Keller@usdoj.gov
Phone: 503.727.1011
       Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **TAREQ ZIAD FOUAD ZAKARNEH,** | Case No. 3:22-cv-01812-SI |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| v. | |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** | |
| Defendant. | |

## <u>INTRODUCTION</u>

On or about November 18, 2022, *Pro se* Plaintiff filed this Freedom of Information Act (FOIA) lawsuit against the U.S. Citizenship and Immigration Services (USCIS), Federal Bureau of Investigation, Immigration and Customs Enforcement (ICE), Customs and Border Protection, and the Department of Homeland Security, as well as certain individual defendants.

**Page 1 – Defendant's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint**

[Dkt. 1].  Plaintiff alleged that, in response to a FOIA request, USCIS would not release recordings of his green card interviews.  *See* Order dated December 13, 2022 ("Order") [Dkt. 5 at 2].  Through his initial complaint, Plaintiff asked the Court to order the release of the records of his interviews as well as other information.  *Id*. at 2.  Plaintiff also asked the Court to reverse the allegedly unlawful judgment against him in his immigration case.  *Id*.  On December 13, 2022, this Court dismissed Plaintiff's initial complaint, finding Plaintiff failed "to state a claim upon which relief may be granted."  *Id*.  On or about January 17, 2023, Plaintiff filed an Amended Complaint, which Defendant answered on March 16, 2023.  Plaintiff now seeks to file a Second Amended Complaint.  [Dkt. 15].  Plaintiff's Motion should be denied.

## <u>LEGAL STANDARD</u>

A party may amend its complaint once as a matter of course in specified circumstances; thereafter, a party may amend the complaint only with written consent from the opposing party or by leave of the court.  Fed. R. Civ. P. 15(a)(1)-(2).  Although the standard that courts apply to litigants seeking to amend their pleadings is a liberal one that allows amendments "when justice so requires," Fed. R. of Civ. P. 15(a)(2), leave to amend should not be granted where the record demonstrates "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *See Ditto v.*

*McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (citation and internal quotations omitted).

## ARGUMENT

Under Local Rule 15-1(b)(1), a motion for leave to file an amended pleading must include as an exhibit a "copy of the proposed amended or amended pleading that shows – through redlining, underlining, strikeouts, or other similarly effective methods – how the amended pleading differs from the operative or superseded pleading." The Motion does not comply with this rule and, for this reason, it should be denied. *See Deal v. Dasch*, No. 6:19-CV-01596, 2023 WL 2707453, at *2 (D. Or. Mar. 30, 2023) (noting that "[f]ailure to comply with [L.R. 15-1(b)(1)] can result in a denial of a motion to amend.") (citing cases). Without the proposed amended pleading, Defendant cannot adequately assess whether the amendment would be futile or whether the Motion should be denied for additional reasons.

Even though the Motion attempts to describe the proposed changes, it is not possible to sufficiently assess the proposed changes. Plaintiff appears to seek to amend his complaint to assert declaratory and injunctive relief in connection with his FOIA request, i.e., the alleged failure to release audio and video records of his green card interviews. Motion at 1-2. Such an amendment is futile because it is duplicative of the allegations already asserted within operative complaint. If proposed added claims are

**Page 3 – Defendant's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint**

duplicative of existing claims or patently frivolous, the amendment can be futile. *See Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir.1995); *see also Meyer v. United Healthcare Ins. Co*., No. 21-cv-148, 2023 WL 2899089, at *2–3 (D. Mont. Mar. 22, 2023) ("An amendment is futile 'if it merely restates the same facts as in the original complaint in different terms. . . .'")(citing 3 Moore's Federal Practice, § 15.15[3] (Matthew Bender 3d Ed.)).

Plaintiff also seeks to add ICE and the U.S. Department of Justice's Office of Immigration Litigation (OIL) as parties. It is unclear what claims Plaintiff seeks to assert against ICE and OIL; he does not assert facts to connect these parties with a failure to release the information sought through Plaintiff's FOIA request. It appears that Plaintiff seeks to add them in connection with a pending matter before the Ninth Circuit whereby Plaintiff is challenging an August 29, 2022 decision issued by the Board of Immigration Appeals (BIA). [Dkt. 15 at 22]. To the extent Plaintiff seeks to add these new parties to challenge the BIA decision, that amendment would be futile. Indeed, this Court has already held that such allegations present no cognizable legal theory to support a claim for relief. Order at 7 ("FOIA does not permit the Court to reverse an allegedly unlawful judgment on Plaintiff's immigration case.").

**Page 4 – Defendant's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint**

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny the Motion.

Dated this 5th day of July 2023.

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney
District of Oregon

*/s/ Joshua Keller*
JOSHUA KELLER
Assistant United States Attorney
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was placed within a first-class postage prepaid envelope and deposited in the United States Mail within the offices of the United States Attorney or at a United States Post Office according to established office practice at Portland, Oregon, on July 5, 2023, addressed to:

> Tareq Zakarneh
> P.O. Box 56401
> Portland, Oregon 97238

> */s/ Samantha Schultz*
> SAMANTHA SCHULTZ
> Legal Assistant