**NATALIE K. WIGHT, OSB #035576**
United States Attorney
**JOSHUA KELLER, NYSB #4297396**
Assistant United States Attorney
United States Attorney's Office for the District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Email: Joshua.Keller@usdoj.gov
Phone: 503.727.1011
        Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **TAREQ ZIAD FOUAD ZAKARNEH,** | Case No. 3:22-cv-01812-SI |
| Plaintiff, | **DEFENDANT'S RESPONSE TO DISCOVERY MOTIONS** |
| v. | |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** | |
| Defendant. | |

Defendant United States Citizenship and Immigration Services (USCIS), by Natalie K. Wight, United States Attorney for the District of Oregon, and Joshua Keller, Assistant United States Attorney, hereby Responds to Plaintiff Tareq Ziad Fouad Zakarneh's ("Plaintiff") "Motion to Produce [] discovery 26(f)" ("Motion to Produce") (ECF 20) and "Motion to Disclose a Conversation Discovery between the Defendant attorney office and OIL Attorney as ICE attorney And other agencies" ("Motion to Disclose") (ECF 21).

**Page 1 – Defendant's Response to Discovery Motions**

## BACKGROUND

In this lawsuit, Plaintiff alleges that USCIS violated the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by failing to properly respond to Plaintiff's FOIA requests. ECF 8 at ¶¶ 1, 19. Plaintiff moved for leave to file a second amended complaint, which USCIS opposes. ECF 15, 16. Plaintiff moved for an extension of time to file a reply in support of his Motion for Leave to Amend. ECF 19. The Court granted Plaintiff's motion and further determined that it "will set a new schedule for summary judgment briefing after considering Plaintiff's" reply. *Id*. Plaintiff then filed a reply and two discovery motions – the Motion to Produce and Motion to Disclose. ECFs 20, 21, 22. Defendant responds to both discovery motions in a single responsive brief because the arguments overlap substantially.

## ARGUMENT

### Plaintiff's Motion to Produce Should be Denied.

Through his Motion to Produce, Plaintiff appears to seek an order compelling USCIS to "produce discovery that has been presented" in his immigration case, which is "proceeding at the [N]inth [C]ircuit." ECF 20.[1] However, discovery is rarely allowed in FOIA cases. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134-35 (9th Cir. 2008) (holding discovery in FOIA cases is inappropriate because the majority of requests seek "'precisely what defendants maintain is exempt from disclosure to plaintiff pursuant to the FOIA.'"); *Lawyers' Comm. for Civil Rights of S.F. Bay Area*

---

[1] Plaintiff references Rule 26(f) in his Motion to Produce, however it is unclear how this rule applies.

**Page 2 – Defendant's Response to Discovery Motions**

*v. U.S. Dep't of Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) ("Procedurally, district courts typically decide FOIA cases on summary judgment before a plaintiff can conduct discovery."); *Smith v. FAA,* No. 14-cv-149, 2015 WL 456467 at *6 (D. Or. Feb. 2, 2015) ("FOIA cases are generally decided via summary judgment and discovery is not typically part of FOIA cases."). When discovery is allowed in a FOIA case, it is usually limited to investigating the scope of the search for documents by the agency, the agency's indexing procedures, and similar matters. *Lawyers' Comm. for Civil Rights*, 534 F. Supp. 2d at 1131-32.

Discovery will be denied where the court finds that an agency's declarations were submitted in good faith and no factual dispute exists. *Id.* at 1132. An exception to limiting discovery is made if the plaintiff has made a sufficient showing of bad faith by the agency after the agency has moved for summary judgment. *Id.*; *Buckovetz v. Dep't of the Navy*, No. 21-cv-640, 2023 WL 2668009, at *5 (S.D. Cal. Mar. 8, 2023) ("[C]ourts may permit discovery if an agency does not adequately explain its search process or if there is evidence that an agency submitted a declaration in bad faith.").

Plaintiff makes no such showing here. Instead, Plaintiff appears to argue that this information is necessary so that this Court can review a decision made in his immigration case. But, as this Court has already held, "FOIA does not permit the Court to reverse an allegedly unlawful judgment on Plaintiff's immigration case." ECF 5 at 7.

**Page 3 – Defendant's Response to Discovery Motions**

Even if Plaintiff makes a sufficient showing that discovery is appropriate in this FOIA case (which he does not), his motion should still be denied because his motion contains no evidence that he served discovery requests on USCIS. *See Boone v. CSP Corcoran Warden*, No. 19-cv-01232, 2022 WL 17082492, at *2 (E.D. Cal. Nov. 18, 2022) (denying motion to compel when Plaintiff failed to submit evidence that "he served a request for production of documents on Defendants requesting the documents he is requesting, and Defendants" asserted they did not receive discovery requests from Plaintiff.); *Wilson v. Stowers*, No. 21-cv-06306, 2023 WL 4681564, at *1 (C.D. Cal. May 4, 2023) ("The court cannot compel defendants to provide [discovery] if plaintiff never made any appropriate request for it.") (citation and internal quotations omitted).

In any event, leave of the Court should be required before Plaintiff can conduct any discovery. *See Gregory Franklin v. Drug Enf't Admin., et al.,* No. 14-cv-03701, 2015 WL 13404305, at *1 (C.D. Cal. July 31, 2015) (granting motion to preclude plaintiff from conducting discovery in FOIA case without leave of the court); *Driggers v. United States*, No. 11-cv-0229, 2011 WL 2883283, at *2 (N.D. Tex. July 18, 2011) (granting protective order in FOIA case to stay all discovery until the court had an opportunity to review the summary judgment motion and accompanying submissions). If Plaintiff serves discovery requests before summary judgment and before he makes a sufficient showing that discovery is necessary, USCIS will seek an appropriate protective order.

**Page 4 – Defendant's Response to Discovery Motions**

**Plaintiff's Motion to Disclose Should be Denied.**

Through his Motion to Disclose, Plaintiff appears to seek an order to compel disclosure of "the conversation" "between the attorney general office Oregon district[2] and the Office of Immigration [L]itigation to clear the government position in fro[nt] of the federal court how they are proceeding." ECF 21.

Plaintiff's Motion to Disclose should be denied for the same reasons his Motion to Produce should be denied and for the following additional reasons.

First, Plaintiff is not entitled to a written description of any conversations between counsel. This is a FOIA lawsuit and neither FOIA nor Federal Rule of Civil Procedure 34 requires a party to create documents. *See Smith v. U.S. Dep't of Transportation*, No. 16-cv-1875, 2018 WL 4945217, at *4 (D. Or. Sept. 11, 2018) ("FOIA provides an avenue to obtain existing documents, but it does mandate document creation."); *Fadem v. Am. States Preferred Ins. Co.*, No. 13-cv-01213, 2014 WL 202176, at *1 (D. Nev. Jan. 16, 2014) ("A party, however, is not required to create a document [in response to a request for production] where none exists.") (internal citations and quotation marks omitted). "And FOIA requests that are questions or requests for explanations or policies or procedures are not proper FOIA requests because they do not describe an actual record." *Smith*, 2018 WL 4945217, at *4.

---

[2] Presumably, Plaintiff means the United States Attorney's Office for the District of Oregon.

**Page 5 – Defendant's Response to Discovery Motions**

Second, Plaintiff's demand for the content of a conversation between two government attorneys is nothing more than an attempt to obtain the mental impressions of those attorneys, which is plainly protected from disclosure. *See United States v. Nobles*, 422 U.S. 225, 238 (1975) ("the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."). The information sought through the Motion to Disclose would also undoubtedly include attorney-client privileged information, which is also protected from disclosure. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) ("The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice.").

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Produce and Motion to Disclose.

Dated this 5th day of September, 2023.

                                              Respectfully submitted,

                                              NATALIE K. WIGHT
                                              United States Attorney
                                              District of Oregon

                                              */s/ Joshua Keller*
                                              JOSHUA KELLER
                                              Assistant United States Attorney
                                              Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was placed within a first-class postage prepaid envelope and deposited in the United States Mail within the offices of the United States Attorney or at a United States Post Office according to established office practice at Portland, Oregon, on September 5, 2023, addressed to:

Tareq Zakarneh
P.O. Box 56401
Portland, Oregon 97238

A copy was also emailed to Plaintiff at Tyler.Zakarneh@hotmail.com.

*/s/ Samantha Schultz*
SAMANTHA SCHULTZ
Legal Assistant

**Page 7 – Defendant's Response to Discovery Motions**