**NATALIE K. WIGHT, OSB #035576**
United States Attorney
**JOSHUA KELLER, NYSB #4297396**
Assistant United States Attorney
United States Attorney's Office for the District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Email: Joshua.Keller@usdoj.gov
Phone: 503.727.1011
    Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **TAREQ ZIAD FOUAD ZAKARNEH,** | Case No. 3:22-cv-01812-SI |
| Plaintiff, | **DEFENDANT'S RESPONSE TO PLAINTIFF'S "MOTION TO PRODUCE A PROTECTIVE ORDER"** |
| v. | |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** | |
| Defendant. | |

By and through undersigned counsel, U.S. Citizenship and Immigration Services responds to Plaintiff's "Motion to Produce a Protective Order against Immigration Custom and Enforcement" (Motion).[1] Through this Motion, Plaintiff appears to seek an order from this Court enjoining U.S.

---

[1] The Court construes the Motion as a motion for a temporary restraining order and preliminary injunction. ECF 25.

**Page 1 – Defendant's Response to Plaintiff's "Motion to Produce a Protective Order"**

Immigration and Customs Enforcement (ICE) from executing a final removal order against him.

The Motion should be denied because Plaintiff fails to make the necessary showing for a preliminary injunction or a temporary restraining order (TRO). "In deciding whether to grant a motion for a . . . TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction." *Linthicum v. FERC*, No. 1:23-CV-00834, 2023 WL 4474669, at *1 (D. Or. June 28, 2023) (citation omitted). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Plaintiff cannot show he is likely to succeed on the merits.

First, this is a lawsuit brought under the Freedom of Information Act (FOIA) and the stay of the enforcement of a removal order in an immigration case is not an available remedy in district court under FOIA. *See Spears v. United States Dep't of Just.*, 139 F. Supp. 3d 79, 87 n.3 (D.D.C. 2015) ("the only remedy [FOIA] provides for the improper withholding of records is

**Page 2 – Defendant's Response to Plaintiff's "Motion to Produce a Protective Order"**

injunctive relief. That means that FOIA is remedied by ordering the production of agency records without money damages.") (citation omitted); *Braun v. Dep't of Just.*, No. 14-cv-70, 2015 WL 1526481, at *4 (D. Mont. Apr. 3, 2015) ("The only remedy provided under FOIA is the injunctive relief available at 5 U.S.C. § 552(a)(4)(B), and FOIA does not permit an award of monetary damages."); *see also* ECF 5 at 7 ("FOIA does not permit the Court to reverse an allegedly unlawful judgment on Plaintiff's immigration case."). Tellingly, the operative complaint in this FOIA lawsuit does not seek the relief the Motion appears to seek.  ECF 8 at 6-7 (Amended Complaint).[2] Second, even if Plaintiff had styled his Amended Complaint differently, this Court would lack jurisdiction to enjoin or stay his removal.  Congress has carefully and exclusively channeled judicial review of removal orders through the federal courts of appeals.  8 U.S.C. § 1252(a)(5) (with one exception not relevant here, a petition for review filed with a court of appeals is the "sole and exclusive" means for judicial review of an order of removal). Furthermore, judicial review of all questions of law and fact arising from any action to remove an alien from the United States is available "only" in a court

---

[2] Plaintiff filed a motion for leave to amend his complaint, which Defendant opposes, to add claims against ICE and the Office of Immigration Litigation (apparently for the purpose of raising some of the same issues raised through the Motion).  *See* ECF 15.

**Page 3 – Defendant's Response to Plaintiff's "Motion to Produce a
            Protective Order"**

of appeals and unavailable in district court. 8 U.S.C. § 1252(b)(9). Finally, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General[3] to commence proceedings, adjudicate cases, or execute removal orders against any alien," except courts of appeals through the aforementioned petition for review process. 8 U.S.C. § 1252(g). Under these provisions, this Court lacks jurisdiction to review Plaintiff's removal order or enjoin Plaintiff's removal. Such relief is only available in the Ninth Circuit. Notably, Plaintiff has filed a petition for review and a motion to stay his removal in the Ninth Circuit, and the Ninth Circuit has already denied his motion to stay his removal. *See* Declaration of Joshua Keller, Ex. 1 (July 26, 2023 Order). Thus, Plaintiff is effectively asking this Court to conduct collateral review on the same issues currently before the Ninth Circuit and rule in his favor on issues the Ninth Circuit has already decided against him.

In sum, this is a simple FOIA case, not an opportunity for this Court to review Plaintiff's removal order. And even if this were not styled as a FOIA case, Congress has generally precluded district courts from interfering in the

---

[3] The Attorney General once exercised this authority, but that authority has been transferred to the Secretary of Homeland Security. *See Clark v. Martinez*, 543 U.S. 371, 375 n.1 (2005). Many of the Immigration and Nationality Act's references to the Attorney General are now understood to mean the Secretary. *See id.*

**Page 4 –  Defendant's Response to Plaintiff's "Motion to Produce a Protective Order"**

removal process, even through habeas.  8 U.S.C. §§ 1252(a)(5), (b)(9), (g). Indeed, this Court has already recognized that it lacks jurisdiction to over Plaintiff's immigration case.  *See* ECF 5 at 7-8 ("An appeal of an immigration case in Oregon usually goes from the immigration judge to the Board of Immigration Appeals (BIA) and then directly to the Ninth Circuit.") (citing 8 U.S.C. § 1252).

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion.

Dated this 29th day of September 2023.

        Respectfully submitted,

        NATALIE K. WIGHT
        United States Attorney
        District of Oregon

        */s/ Joshua Keller*
        JOSHUA KELLER
        Assistant United States Attorney
        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was placed within a first-class postage prepaid envelope and deposited in the United States Mail within the offices of the United States Attorney or at a United States Post Office according to established office practice at Portland, Oregon, on September 29, 2023, addressed to:

Tareq Zakarneh
P.O. Box 56401
Portland, Oregon 97238

A copy was also emailed to Plaintiff at Tyler.Zakarneh@hotmail.com.

*/s/ Samantha Schultz*
SAMANTHA SCHULTZ
Legal Assistant