IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TAREQ ZAKARNEH**, | Case No. 3:22-cv-1812-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**, | |
| Defendant. | |

Tareq Zakarneh, *Pro Se*.

Natalie K. Wight, United States Attorney, and Joshua Keller, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF OREGON, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Tareq Zakarneh is a self-represented, or *pro se*, litigant who brings this case against the United States Citizenship and Immigration Services (USCIS). Plaintiff's Amended Complaint alleges that the USCIS violated the Freedom of Information Act (FOIA) by refusing to release records related to Plaintiff's immigration proceedings. Plaintiff submits three motions for consideration: one motion for leave to amend Plaintiff's Amended Complaint to add defendants and claims for declaratory and injunctive relief (ECF 15) and two motions relating to

PAGE 1 – OPINION AND ORDER

discovery that the Court construes as motions to compel disclosure or discovery (ECF 20 and 21).

**A. Legal Standards**

    **1. Motion for Leave to Amend Pleadings**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments to pleadings with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (cleaned up). The "purpose of the rule is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Futility of amendment, however, "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Generally, however, "[a]bsent prejudice, or a strong showing of any of the remaining [four] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (alterations added, emphasis in original). When weighing

the factors, all inferences should be made in favor of granting the motion to amend. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Leave to amend may be denied if the proposed amendment is futile or would be subject to immediate dismissal. *See Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada Cnty*, 119 F.3d 1385, 1393 (9th Cir. 1997)); *see also Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988))). If the underlying facts or circumstances possibly could "be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The standard for assessing whether a proposed amendment is futile therefore is the same as the standard imposed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see, e.g.*, *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), although "viewed through the lens of the requirement that courts freely give leave to amend when justice so requires." *Barber v. Select Rehab., LLC*, 2019 WL 2028519, at *1 (D. Or. May 8, 2019) (quotation marks omitted).

**2. Motion to Compel Discovery or Disclosure in FOIA Cases**

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosure or discovery. If a party fails to make a disclosure required by Rule 26(a), the other party may move to compel disclosure Fed. R. Civ. P. 37(a)(3)(A). A party seeking discovery may also move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37(a)(3)(B). The nonmoving party must fail to respond to a formal discovery request before the movant may properly move to compel discovery. *See* Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv). The motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Although ordinarily the discovery process grants each party access to evidence, "in FOIA and Privacy Act cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents." *Lane v. Dept. of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). In FOIA cases, a district court "may defer discovery until after summary judgment" without demonstrating specific good cause for the deferral. *Garris v. FBI*, 937 F.3d 1284, 1292 (9th Cir. 2019). The Ninth Circuit permits denial of discovery when the plaintiff requests "precisely what defendants maintain is exempt from disclosure to plaintiff pursuant to the FOIA." *Lane*, 523 F.3d at 1135 (quoting *Pollard v. FBI*, 705 F.2d 1151, 1154 (9th Cir. 1983)).

**B. Background**

    **1. Procedural History**

Shortly after Plaintiff filed this case, the Court *sua sponte* dismissed Plaintiff's Complaint for failure to state a claim upon which relief could be granted. ECF 5. The Court identified multiple deficiencies in Plaintiff's Complaint, including that Plaintiff failed to allege that he had

PAGE 4 – OPINION AND ORDER

exhausted administrative remedies as required by FOIA and the Federal Tort Claims Act. The Court also concluded and that it lacked the authority to reverse the judgment against Plaintiff in his immigration case. In the Court's order, the Court granted Plaintiff leave to amend the Complaint if Plaintiff believed that he could cure the identified deficiencies.

Plaintiff then filed his "Amended Complaint for Declaratory & Injunctive Relief" (Amended Complaint). ECF 8. In his Amended Complaint, Plaintiff reiterates his allegations that USCIS violated FOIA by refusing to release records related to Plaintiff's immigration proceedings. Plaintiff adds to the Amended Complaint facts that support Plaintiff's FOIA claim, including that he had submitted two allegedly valid FOIA requests to which the government failed timely to comply. Plaintiff also alleges facts supporting his exhaustion of administrative remedies.

The Amended Complaint requests broad-ranging relief. Relevant to the Court's analysis, the Amended Complaint requests declaratory relief, asking that the Court "[d]eclare that the Plaintiff shall not be assessed any fees associated with the search for and duplication of records due to the Defendant's violation of FOIA." The Amended Complaint also requests injunctive relief, asking that the Court "[e]njoin the Defendant from continuing to withhold . . . agency records requested by Plaintiff or Plaintiff's attorney(s)." USCIS answered the Amended Complaint.

Thereafter, Plaintiff filed a motion requesting that the Court grant a "protective order" in connection with Plaintiff's impending immigration removal action. ECF 24. The Court construed Plaintiff's motion as a motion for temporary restraining order and preliminary injunction and ordered expedited briefing from the parties. The Court declined to grant Plaintiff's motion for temporary restraining order and preliminary injunction, finding that it lacked jurisdiction to grant

the requested relief. The Court explained that any remedy related to Plaintiff's immigration proceedings must be sought through the petition for review of a final order of removal process before the Ninth Circuit. Plaintiff filed a petition for review of his immigration case in the Ninth Circuit, and that action is pending.

## 2. Plaintiff's Motions

Plaintiff requests that the Court grant leave to further amend his complaint to add claims for declaratory and injunctive relief "because the government lied and commit[ted] a fraud" in the presentation of interview transcripts to the immigration court in Plaintiff's immigration case. Plaintiff argues that the government, in a letter responding to Plaintiff's FOIA request, falsely denied that it had video and audio recordings of Plaintiff's I-751 immigration interviews[1] conducted on September 6, 2016 and March 19, 2018. Plaintiff attaches to his motion the government's FOIA response letter, which states in pertinent part:

> The Alien File is the official system of record for any media pertaining to an individual Alien and for audio/video recordings of the Alien's interviews. You requested any of the audio/video recordings of your I-751 interviews. A transcription and an audio recording of the March 19, 2018 I-751 interview is provided as contained within the Alien File. A physical and electronic search was conducted for any audio/video recording of the September 9, 2016 I-751 interview. No audio/video recording was located for the September 9, 2016 I-751 interview. A transcription of the September 9, 2016 interview is present in the Alien File and is provided to you. No further records or recordings are available to provide.

ECF 15 at 14.

---

[1] A joint petition to remove the conditional basis of lawful permanent resident status for an alien spouse is referred to under the immigration regulations as a I-751 Form. The regulations require that the immigration authorities arrange an interview with the alien and the alien's spouse within 90 days of the proper filing of the petition unless the immigration authorities waive the interview requirement. *See* 8 C.F.R. § 216.4(b)(1).

PAGE 6 – OPINION AND ORDER

Plaintiff submits a document purporting to be an excerpt of the transcript of his September 9, 2016 I-751 interview.[2] Plaintiff points to USCIS Officer Pamela Mark's statement in the transcript that Plaintiff's interview was "being videotaped and that tape may be used in any future proceedings regarding this case." Sept. 9, 2016 Interview Tr. at 5:20-22 (ECF 15 at 9).

Plaintiff also attaches an excerpt of the transcript from his March 19, 2018 I-751 interview. In this transcript, USCIS Officer Marks states "[b]efore we get started, your interview is recorded." March 19, 2018 Interview Tr. at 3:4 (ECF 15 at 13). Officer Marks then confirms "[s]o again, your interview is being audio/visually recorded, and your recorded testimony may be used at any future matters regarding this case." *Id.* at 3:22-24.

Plaintiff contends that because the transcripts indicate that Plaintiff's I-751 interviews were audio and video recorded, the government lied in response to Plaintiff's FOIA request by stating that the recordings could not be located.[3] Plaintiff asserts that the recordings would "expose" that the government offered work or employment to Plaintiff and that federal officers told Plaintiff that they were approving his green card. Plaintiff claims that Immigration and Customs Enforcement (ICE) agents fraudulently presented the interview transcripts to the immigration court. It is unclear to the Court whether Plaintiff insinuates that the interview

---

[2] The transcript submitted by Plaintiff includes a cover sheet indicating that the transcript was of an interview taking place on September 9, 2016. The transcript, however, contains a statement by USCIS Officer Marks that "[t]oday is September 27th." Sept. 9, 2016 Interview Tr. at 3:23-24 (ECF 15 at 7). Plaintiff did not submit this transcript with a declaration attesting to its true and correct nature. Nevertheless, the Court accepts, for purposes of this Opinion and Order only, that the document is a transcript of Plaintiff's I-751 interview conducted on September 9, 2016.

[3] Plaintiff's concern vis-à-vis the March 19, 2018 interview records is unclear. The FOIA response letter indicates that the government provided Plaintiff with the audio recording and transcript of Plaintiff's March 19, 2018 interview. Plaintiff, however, specifically references the March 19, 2018 interview in connection to his statement that the government presented non-truthful information in his immigration case and that the government improperly denied the existence of the recording.

PAGE 7 – OPINION AND ORDER

transcriptions were doctored by the government's agents, or whether their mere presentation to the immigration court was fraudulent, or both.

Plaintiff also filed two motions that ostensibly relate to discovery matters and which Plaintiff states support the request for leave to amend the operative complaint. The discovery motions are very brief and do not fully explain the discovery issues Plaintiff wishes the Court to address. Plaintiff's motion for leave to amend, however, offers some insight about the discovery matters Plaintiff wishes the Court to address.

One issue raised by Plaintiff relates to the Rule 26(f) discovery conference the parties participated in on April 17, 2023. Plaintiff states that the USCIS allegedly listed in the "schedule report" that this case was "just a FOIA case without any . . . injunctive relief." ECF 15 at 2. According to Plaintiff, USCIS refused to consider a "settlement option" related to injunctive relief. Plaintiff also objects to a filing that the government submitted to the Ninth Circuit in his immigration case. In the government's Ninth Circuit filing, attached to Plaintiff's motion for leave to amend, the government asserted that it is unclear what injunctive relief Plaintiff is requesting in the matter before this Court. *See* ECF 15 at 22. Plaintiff does not elaborate on the perceived significance of this statement to the Ninth Circuit.

Plaintiff also repeatedly references Rule 37 (the Federal Rule of Civil Procedure governing the consequences of a party's failure to make disclosures or cooperate in discovery) and Rule 33 (the Federal Rule of Civil Procedure governing interrogatories to parties) in the motions. Plaintiff does not provide any clarification about the relevance of Rule 33 in his motions, but the Court is able to discern two issues raised in Plaintiff's motions related to Rule 37. First, Plaintiff requests that the Court compel USCIS to produce materials that have "been presented" by USCIS and ICE to the immigration court. Plaintiff contends that the

government must produce this material so that the Court may "screen the information that misl[ed]" the Department of Justice in Plaintiff's immigration case. Second, Plaintiff requests that the Court compel USCIS and the government to disclose and produce a "conversation" between government authorities related to his immigration proceedings. Plaintiff contends that this disclosure is necessary to craft suitable injunctive relief as requested in Plaintiff's motion for leave to amend.[4]

## C. Analysis

### 1. Motion for Leave to Amend

Plaintiff seeks leave to amend the operative complaint in two respects. First, Plaintiff seeks to include claims for declaratory and injunctive relief. Second, Plaintiff moves to add ICE and the United States Office of Immigration Litigation (OIL) as defendants. USCIS argues that the Court should deny Plaintiff's motion for failure to comply with Local Rule 15-1. The Court first addresses USCIS's argument about Plaintiff's failure to comply with the Local Rule before turning to the merits of Plaintiff's motions.

#### a. Local Rule 15-1(b)(1)

USCIS argues that the Court should deny Plaintiff's motion for leave to amend for failure to comply with Local Rule 15-1(b)(1). Local Rule 15-1(b)(1) requires that a motion for leave to amend must include as an exhibit a copy of the proposed amendment that shows, via redline or other similar method, how the amended pleading differs from the operative or superseded pleading.

Plaintiff contends that a provision of the Local Rule relieves him of the obligation to file a redlined exhibit. The relevant portion to which Plaintiff refers reads as follows: "Self-

---

[4] Plaintiff advances other arguments about Rule 37 and Rule 33 that are largely indecipherable.

PAGE 9 – OPINION AND ORDER

represented persons who are in custody are exempted by the exhibit requirement." LR 15-1(b). Plaintiff is not in custody. Plaintiff argues that the Local Rule's exemption applies to self-represented persons experiencing hardship but cites no authority on which the Court may rely.

The Court declines to deny Plaintiff's motion on procedural grounds for failure to comply with the Local Rule's redline requirement. A court must liberally construe the filings of a self-represented plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699-70 (9th Cir. 1988) (declining to dismiss a *pro se* appeal for failure to comply with the formal requirements of appellate brief under Federal Rule of Appellate Procedure 28). Thus, the Court will consider and rule on the merits of Plaintiff's motions.

### b. Declaratory and Injunctive Relief

As noted above, the Amended Complaint includes a request for declaratory relief. Plaintiff does not explain the additional declaratory relief he seeks in further amending the complaint beyond what already exists in the Amended Complaint. Thus, the Court concludes that amending Plaintiff's operative complaint to add a claim for declaratory relief would be futile because it is duplicative of an existing claim. *See Bonin*, 59 F.3d at 846. The Court denies Plaintiff's motion for leave to amend to add a claim for declaratory relief.

To the extent that Plaintiff seeks to add a claim for injunctive relief related to Plaintiff's FOIA claim, the Amended Complaint includes a request that the government be enjoined from withholding the records sought by Plaintiff relating to his immigration case. Thus, this proposed claim is futile because it is also duplicative of an existing claim. The Court denies Plaintiff's request for leave to amend to add a claim for injunctive relief related to Plaintiff's FOIA claim.

Finally, to the extent that Plaintiff's motion requests leave to amend to include a claim for injunctive relief related to his immigration case pending before the Ninth Circuit, the Court has

PAGE 10 – OPINION AND ORDER

ruled that it lacks jurisdiction to order any remedy related to Plaintiff's immigration case or removal proceedings. *See* ECF 31. The Court reaffirms that conclusion in the context of these motions. The Court denies Plaintiff's motion for leave to amend to include a claim for injunctive relief relating to his immigration case or removal proceedings.

### c. Additional Defendants

Plaintiff also seeks to add ICE and OIL as defendants in this lawsuit. These parties are involved in the litigation of Plaintiff's immigration case before the immigration judge and the Ninth Circuit. The reason that Plaintiff requests this amendment is to stop these parties from presenting allegedly false information in his immigration case. The Court lacks jurisdiction to issue an injunction related to Plaintiff's immigration case or to issue an injunction related to how Plaintiff's immigration case is litigated. The Court denies Plaintiff's motion for leave to amend to add the specified parties.

## 2. Motions to Compel Discovery or Disclosure

### a. Material Submitted to the Immigration Court

Plaintiff moves for an order compelling USCIS to produce material that was "presented by the USCIS through ICE" to the immigration court. Plaintiff does not explain what material he refers to nor does he explain whether this material was the subject of his FOIA requests. Plaintiff also asserts that this material must be produced so that the Court may "screen the information that misle[d]" the Department of Justice. The Court declines Plaintiff's request to compel this discovery for two reasons.

First, Plaintiff submits a FOIA response letter from the government. In this letter, the government states that its FOIA production included "all media contained within [Plaintiff's] Alien File." ECF 15 at 14. The FOIA response letter elaborates that Plaintiff's Alien File contains copies of Plaintiff's hearing before the Immigration Judge. *Id*. Thus, to the extent that

PAGE 11 – OPINION AND ORDER

Plaintiff asks the Court to compel the production of material that was "presented by the USCIS through ICE" to the immigration court, it appears that the government provided this material in response to Plaintiff's FOIA requests.

Second, to the extent that Plaintiff asks that the Court order production of the video recorded I-751 interviews, the government stated in its FOIA response letter that it had conducted a physical and electronic search but that it could not locate audio or video recording of Plaintiff's September 9, 2016 I-751 interview. The government did, however, provide a transcript. The FOIA response letter also stated that the government located and provided to Plaintiff an audio recording and the transcript of Plaintiff's March 19, 2018 I-751 interview, but that no other recordings were available. ECF 15 at 14. Plaintiff has provided no evidence from which the Court plausibly can infer that the government has not conducted a diligent search for video and audio recordings in response to Plaintiff's FOIA request. The Court accepts the government's representations that no other video or audio recordings were located, despite the statement in the transcript of the September proceedings that the interview was being recorded.[5]

### b. Disclosure of a Conversation

Plaintiff also requests that the Court compel disclosure of a "conversation" between the United States Attorney's Office for the District of Oregon[6] and OIL so that the Court may

---

[5] As an alternative ground for the Court's denial of Plaintiff's motion to compel discovery, the Court notes that there is no indication that Plaintiff propounded any formal discovery requests to USCIS. The Court emphasizes, however, that "discovery is not typically a part of FOIA and Privacy Act cases." *Broaddrick v. Exec. Off. of President*, 139 F. Supp. 2d 55, 63 (D.D.C. 2001), *aff'd sub nom. Broaddrick v. Exec. Off. of the President*, 38 F. App'x 20 (D.C. Cir. 2002). Thus, in FOIA cases, "courts may allow the government to move for summary judgment before the plaintiff conducts discovery." *Lane*, 523 F.3d at 1134; *see also Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment.").

[6] Plaintiff references "the attorney general office Oregon district." The Court assumes that Plaintiff is referring to the United States Attorney's Office for the District of Oregon.

PAGE 12 – OPINION AND ORDER

"screen the position" of the government defendants. Plaintiff asserts that "both defendant part[ies]" should be subject to this compelled disclosure and references "different court level[s]." Plaintiff suggests that this disclosure is necessary to craft injunctive relief against the defendants in both court proceedings. The Court assumes that Plaintiff requests compelled disclosure of the government's positions and litigation strategy in the case before this Court and the case before the Ninth Circuit.

Neither OIL nor the United States Attorney's Office are defendants in this case. Even if these parties were defendants (which they are not), a party is not required to create a written description of a conversation in response to a FOIA or discovery request. Further, the information requested appears to be protected by the attorney-client privilege and work-product doctrine. Thus, the Court declines to compel the disclosure Plaintiff requests.

**D. Conclusion**

For the stated reasons, the Court DENIES Plaintiff's Motion for Leave to Amend (ECF 15). The Court DENIES Plaintiff's Motion to Compel Discovery (ECF 20). The Court DENIES Plaintiff's Motion to Compel Disclosure (ECF 21).

**IT IS SO ORDERED.**

DATED this 25th day of October, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge